ORIGINAL

1  CHRISTOPHER J. KONDON (SBN 172339)
   SAMAN M. REJALI (SBN 274517)
2  TYLER J. CESAR (SBN 288729)
   K&L GATES LLP
3  10100 Santa Monica Boulevard, Seventh Floor
   Los Angeles, California 90067
4  Telephone:  310.552.5000
   Facsimile:  310.552.5001
5
   Attorneys for Defendants Relativity Media, LLC
6  and Lord Securities Corporation and Defendants
   and Cross-Complainants Relativity Media
7  Holdings I LLC and Beverly Blvd LLC

FILED
SEP 1 0 2014
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

8                   UNITED STATES BANKRUPTCY COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                          LOS ANGELES DIVISION

11 | ARAMID ENTERTAINMENT FUND              | Ref. No. 2:14-ap-01596-TD
12 | LIMITED, a Cayman Islands Company; and |
   | ARAMID GRANTOR TRUST, a Delaware       | California State Court Case No. BC 478589
13 | Statutory Trust,                       |
   |                                        | DEFENDANTS RELATIVITY MEDIA, LLC,
14 |          Plaintiffs,                   | RELATIVITY MEDIA HOLDINGS I, LLC,
   |                                        | BEVERLY BLVD, LLC AND LORD
15 |    v.                                  | SECURITIES CORPORATION'S NOTICE OF
   |                                        | REMOVAL OF ACTION PURSUANT TO 28
16 | FORTRESS INVESTMENT GROUP LLC, a       | U.S.C. § 1334 AND 28 U.S.C. § 1452
   | Delaware Limited Liability Company; CF FILM |
17 | FINANCE AB LLC, a Delaware Limited     | (FEDERAL COURT JURISDICTION -
   | Liability Company; RELATIVITY MEDIA,   | BANKRUPTCY RELATED MATTER - 28
18 | LLC, a California Limited Liability Company; | U.S.C. §1334 AND 28 U.S.C. §1452)
   | RELATIVITY MEDIA HOLDINGS I LLC, a     |
19 | Delaware Limited Liability Company;    |
   | BEVERLY BLVD LLC, a Delaware Limited   |
20 | Liability Company; LORD SECURITIES     |
   | CORPORATION, a Delaware Corporation; and |
21 | DOES 1 through 100, inclusive,         |
   |                                        |
22 |          Defendants.                   |
   |                                        |
23 | RELATIVITY MEDIA HOLDINGS I LLC, a     |
   | Delaware Limited Liability Company; and |
24 | BEVERLY BLVD LLC, a Delaware Limited   |
   | Liability Company,                     |
25 |                                        |
   |          Cross-Complainants,           |
26 |                                        |
   |    v.                                  |
27 |                                        |
   | SCREEN CAPITAL INTERNATIONAL CORP.,    |
28 | a California Corporation; ARAMID CAPITAL |
   | PARTNERS, a business entity organized under |
   | the laws of the United Kingdom; ARAMID |

1  ENTERTAINMENT FUND LIMITED, a Cayman Islands Company; ARAMID
2  GRANTOR TRUST, a Delaware Statutory Trust; and ROES 100 through 200, inclusive,
3  
4             Cross-Defendants.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 1452, Defendants Relativity Media, LLC and Lord Securities Corporation and Defendants and Cross-Complainants Relativity Media Holdings I, LLC and Beverly Blvd LLC, (collectively, the "Removing Parties") hereby remove the entire above-captioned civil action (the "Aramid Action") from the Superior Court of the State of California in and for the County of Los Angeles to the United States Bankruptcy Court for the Central District of California.

As grounds for removal the Removing Parties state as follows:

1. The Removing Parties are Defendants and Cross-Complainants in an action filed in the Superior Court of the State of California in and for the County of Los Angeles, captioned *Aramid Entertainment Fund Ltd. v. Fortress Investment Group LLC et al.*, index number BC478589. The Aramid Action was initiated by Plaintiffs Aramid Entertainment Fund, Limited ("Aramid Fund") and Aramid Grantor Trust ("Aramid Trust"). As described below, Aramid Fund is a debtor in a bankruptcy proceeding and is the beneficiary of Aramid Trust. The Complaint was filed on February 8, 2012. The First Amended Complaint ("FAC") was filed on January 18, 2013.[1]

2. The FAC alleges that Defendants Fortress Investment Group LLC and CF Film Finance AB LLC (the "Fortress Defendants") caused Plaintiffs Aramid Fund and Aramid Trust to lose $22 million, plus accrued interest, that they invested in discounted, subordinated notes issued by a film financing vehicle. Plaintiffs assert causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional interference with contractual relations, intentional interference with prospective economic advantage, and fraudulent transfer against the Fortress Defendants. *See* FAC ¶¶ 66-101.

3. The FAC makes interrelated allegations against the Removing Parties. Plaintiffs assert causes of action for fraud, fraudulent transfer, and aiding, abetting and inducing fraudulent transfer against some or all of the Removing Parties. *See* FAC ¶¶ 83-101.

---

[1] The FAC is attached as Exhibit A to the Request for Judicial Notice in Support of Notice of Removal ("RJN"), filed concurrently herewith.

3

4. On July 12, 2013, Relativity Media Holdings I, LLC and Beverly Blvd LLC filed a Cross-Complaint against the Aramid Fund and Aramid Trust, as well as related parties Aramid Capital Partners and Screen Capital International (the "Cross-Complaint"), to recover damages they suffered as a result of wrongful dissemination of confidential information regarding the film financing vehicle, in breach of multiple Non-Disclosure Agreements. The Cross-Complaint asserts causes of action for breach of contract, declaratory relief, intentional interference with contractual relations, and equitable indemnification.

5. On May 7, 2014 the Aramid Fund and its related entities voluntarily appointed Geoffrey Varga and Jess Shakespeare as joint voluntary liquidators (the "JVLs"). Varga Decl. ¶ 1, ECF No. 2.[2]

6. On June 13, 2014, the Aramid Fund and certain of its affiliates filed voluntary petitions under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[3] *See In re Aramid Entertainment Fund, et al.*, Case No. 14-11802-SHL (Bankr. S.D.N.Y. filed June 13, 2014).

7. As explained below, removal of the Aramid Action is appropriate because the Bankruptcy Court has "related to" bankruptcy jurisdiction, pursuant to 28 U.S.C. §§ 1334(b) <u>and</u> 1452(a) and may have "core" jurisdiction over the Cross-Complaint, pursuant to 28 U.S.C. § 157(b)(2)(B).

A. <u>The Removing Parties Have Satisfied The Procedural Requirements For Removal</u>

8. This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Bankruptcy Procedure 9027(a)(2). The Case was filed on June 13, 2014. Under Federal Rule of Bankruptcy Procedure 9027(a)(2)(A), any notice of removal may be filed "90 days after the order for relief in the case under the Code . . . ." Fed. R. Bankr. P. 9027(a)(2)(A).

---

[2] The Varga Declaration is attached as <u>Exhibit B</u> to the RJN.

[3] The debtors and bankrupt entities have commenced the following jointly-administered chapter 11 cases: Aramid Entertainment Fund Limited, Case No.: 14- 11802; Aramid Liquidating Trust, Ltd. (f/k/a/ Aramid Entertainment Participation Fund Limited), Case No.: 14- 11803; and Aramid Entertainment, Inc., Case No.: 14- 11804 (collectively, the "Case").

4

9.  Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1452(b); Fed. R. Bankr. P. 9027(a)(1).

10. As a matter of law, the Removing Parties do not require consent to removal from the Fortress Defendants or from the Aramid Fund and Aramid Trust. Unanimous consent of the parties is not a requirement for removal under bankruptcy jurisdiction. *See* 28 U.S.C. § 1452(a); *see also In re Mortgages Ltd.*, 427 B.R. 780, 788 (D. Ariz. 2010) ("[a]lthough this issue has not been explicitly decided by the Ninth Circuit, numerous other jurisdictions have agreed with the Bankruptcy Court and held that the rule of unanimity does not apply to removal pursuant to § 1452(a)"); *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir. 1985) ("[u]nder the bankruptcy removal statute . . . any one party has the right to remove the state court action without the consent of the other parties"); *Combs v. Kwasnik*, 11-CV-6212, 2012 WL 2513987 (D.N.J. June 27, 2012) ("[h]owever in the bankruptcy context, § 1452(a) permits removal by 'a party' and it appears that every Circuit Court to consider the statute, though not every District Court, has interpreted this language to allow for non-unanimous removal").

11. Pursuant to 28 U.S.C. § 1446(a) copies of all process, pleadings, and orders served upon the Removing Parties will be filed with the Court pursuant to Rule 9027-1(d)(1) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California.

12. Pursuant to Federal Rule of Bankruptcy Procedure 9027(b), the Removing Parties will promptly serve a copy of this Notice of Removal on both Aramid and Fortress's counsel and file with the Clerk of the Superior Court of the State of California, Los Angeles County, a Notice of Filing of Notice of Removal pursuant to 28 U.S.C. § 1446(d).

13. The Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11 and Federal Rule of Bankruptcy Procedure 9011.

14. Although the Removing Parties have not filed any proof of claim in the Bankruptcy Court, the Cross-Complaint may constitute a core proceeding under 28 U.S.C. § 157(b)(2)(B). The remainder of the claims asserted in the Aramid Action, however, constitute non-core proceedings under 28 U.S.C. § 157(c) because they are "related to" the bankruptcy case in the

Southern District of New York. The Removing Parties do not consent to: (i) entry of final orders or judgment by any bankruptcy judge on any matters to which a bankruptcy court is not authorized to enter final orders or judgment; or (ii) a bankruptcy court conducting a jury trial on any matters.

**B.     This Case Is Removable Under Section 1334**

15.     Jurisdiction in bankruptcy cases is governed by 28 U.S.C. § 1334, which states, in part: "[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under [the Bankruptcy Code], or arising in or *related to* cases under [the Bankruptcy Code]." 28 U.S.C. § 1334(b) (emphasis added); *see also In re Bisno*, 433 B.R. 753, 756 (Bankr. C.D. Cal. 2010). Any action is "related to" the bankruptcy proceeding when its outcome "could conceivably have an effect" on the estate being administered in bankruptcy. *See In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) ("[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate") (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d. Cir. 1984); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, n. 6 (1995) (citing the *Pacor* test with approval, noting adoption by the First, Fourth, Fifth, Sixth, Ninth, Tenth, and Eleventh Circuits).

16.     The Aramid Action is "related to" the Aramid Bankruptcy Proceedings, and therefore removable to this Court pursuant to 28 U.S.C. § 1452(a), because the outcome of the action will have a significant effect on the Aramid bankruptcy estate. The JVLs have represented that pending litigation was a primary impetus of seeking bankruptcy protection. Varga Decl. ¶ 12 ("the Debtors face an extraordinary burden associated with . . . the multiple litigation described below"). The JVLs specifically discussed this lawsuit as one of the litigations imposing an extraordinary burden. Varga Decl. ¶¶ 46-47. And the JVLs have filled a petition seeking approval to hire Irell & Manella LLP as special litigation counsel for this lawsuit. Appl. to Employ Irell & Manella as Special Litigation Counsel, ECF No. 50.[4] Although the Aramid Fund has not disclosed the value it attributes to the investment at issue in this lawsuit, the JVLs have scheduled the assets of the Aramid

---

[4] The Application to Employ Irell & Manella LLP as Special Litigation Counsel is attached as Exhibit C to the RJN.

Fund of $158,616,241. Summary of Schedules, ECF No. 59.[5] As the Aramid Fund initially sued Defendants for in excess of $44 million and has continually asserted that interest therein continues to accrue, this litigation appears to represent a significant portion of the total claimed value of the bankruptcy estate.

17. For any claims or parties not subject to jurisdiction under 28 U.S.C. § 1334, supplemental jurisdiction lies under 28 U.S.C. § 1367 because all claims against all parties in this case form part of the same case or controversy.

18. The Removing Parties reserve the right to submit additional evidence and argument as needed to supplement this "short and plain statement" of the grounds for removal. Fed. R. Bankr. P. 9027(a).

19. The Removing Parties hereby reserve all defenses and rights available to them, and nothing herein shall constitute any waiver: (i) to have any and all final orders or judgments in any and all non-core matters, or core matters over which this Court does not have authority to enter a final judgment or order under Article III of the United States Constitution, entered only after *de novo* review by a United States District Court Judge; (ii) to trial by jury in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights, or in any case, controversy or proceeding related hereto, notwithstanding whether or not such matters are designated as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is afforded by statute or the United States Constitution; (iii) to have the reference of this matter withdrawn by the United States District Court; and (iv) to rights, claim, actions or defenses, setoffs, recoupments or other matters to which the Removing Parties are entitled under any agreements or at law or in equity or under the United States Constitution.

WHEREFORE, the Removing Parties remove the entire Aramid Action from the Superior Court of the State of California, Los Angeles County to the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

---

[5] The Summary of Schedules is attached as <u>Exhibit D</u> to the RJN.

7

Dated: September 10, 2014

By: K&L GATES LLP

Christopher J. Kondon
Saman M. Rejali
Tyler J. Cesar

Attorneys for Defendants Relativity Media, LLC and Lord Securities Corporation and Defendants and Cross-Complainants Relativity Media Holdings I LLC and Beverly Blvd LLC